George M. Lee (SBN 172982)
**SEILER EPSTEIN ZIEGLER & APPLEGATE LLP**
601 Montgomery Street, Suite 2000
San Francisco, CA 94111
Phone: (415) 979-0500
Fax:    (415) 979-0511
email: gml@sezalaw.com

Attorneys for Plaintiffs
ARIE VAN NIEUWENHUYZEN,
THE CALGUNS FOUNDATION,
FIREARMS POLICY COALITION,
FIREARMS POLICY FOUNDATION,
SECOND AMENDMENT FOUNDATION, and
MADISON SOCIETY FOUNDATION

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | |
|---|---|
| ARIE VAN NIEUWENHUYZEN, an individual; THE CALGUNS FOUNDATION; FIREARMS POLICY COALITION; FIREARMS POLICY FOUNDATION; SECOND AMENDMENT FOUNDATION; and MADISON SOCIETY FOUNDATION, <br><br> Plaintiffs, <br><br> vs. <br><br> STANLEY SNIFF, in his capacity as Sheriff of the County of Riverside; RIVERSIDE COUNTY SHERIFF'S DEPARTMENT, a public entity; and COUNTY OF RIVERSIDE, CALIFORNIA, <br><br> Defendants. | Case No. <br><br> **COMPLAINT FOR VIOLATION OF CIVIL RIGHTS** <br><br> **[42 U.S.C. § 1983]** |

COME NOW the plaintiffs, ARIE VAN NIEUWENHUYZEN, THE CALGUNS
FOUNDATION, FIREARMS POLICY COALITION, FIREARMS POLICY FOUNDATION,
SECOND AMENDMENT FOUNDATION, and MADISON SOCIETY FOUNDATION

1

**SEILER EPSTEIN ZIEGLER & APPLEGATE LLP**
Attorneys at Law

(collectively, "plaintiffs") by and through their undersigned counsel, who hereby complain and allege as follows:

**INTRODUCTION**

1.      This is an action brought pursuant to 42 U.S.C. § 1983 for deprivation of civil rights under color of law, challenging the Defendants' County of Riverside and Sheriff Stanley Sniff's policies, customs, and practices that prohibit otherwise qualified non-U.S. citizens from both applying for and obtaining a concealed carry license,[1] thus preventing plaintiff from exercising his right to keep and bear arms for self-defense outside his home, in violation of the Equal Protection Clause of Fourteenth Amendment, and the Second Amendment to the United States Constitution.

2.      Plaintiffs herein seek equitable, declaratory and injunctive relief challenging the defendants' policies, customs and practices that violate his constitutional rights and the law.

**JURISDICTION AND VENUE**

3.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, 2201, 2202 and 42 U.S.C. § 1983, in that this action seeks to redress the deprivation, under color of the laws, statutes, ordinances, regulations, customs, and usages of the defendants as they execute, administer and enforce the complained-of policies, of the rights, privileges or immunities secured by the United States Constitution and by Acts of Congress.

4.      This Court has personal jurisdiction over each of the defendants because they acted under the color of laws, policies, customs, and/or practices of the County of Riverside and/or within the geographic confines of the County of Riverside.

5.      Venue is proper pursuant to 28 U.S.C. § 1391 because the defendants execute, administer, and enforce the complained-of policies against plaintiffs in this District and because the events and omissions giving rise to this action are harming plaintiffs in this District.

---

[1]Licenses to carry, applications for licenses to carry, and amendments to licenses are governed by Cal. Penal Code § 26150, et seq.

SEILER EPSTEIN ZIEGLER & APPLEGATE LLP
Attorneys at Law

SEILER EPSTEIN ZIEGLER & APPLEGATE LLP
Attorneys at Law

**THE PARTIES**

6.      Plaintiff ARIE VAN NIEUWENHUYZEN is an individual, and a lawful permanent resident of the United States, living in the County of Riverside, California.  Plaintiff Van Nieuwenhuyzen is a law-abiding, long-time resident of Riverside since 1983, is a business owner and member in good standing of the community.  At all times herein, plaintiff Van Nieuwenhuyzen is and has been eligible to possess firearms under all applicable state and federal laws.

7.      Plaintiff The Calguns Foundation ("CGF") is a 501(c)(3) non-profit organization incorporated under the laws of California with its principal place of business in Sacramento, California. CGF is dedicated to promoting education for all stakeholders about California and federal firearm laws, rights and privileges, and to defending and protecting the civil rights of California gun owners. CGF represents its members and supporters, who include California firearm retailers and consumers throughout the State, including Shasta County, and brings this action on behalf of itself, its members, supporters who possess all the indicia of membership, and similarly situated members of the public.  Plaintiff Van Nieuwenhauyzen is a member of CGF.

8.      Plaintiff Firearms Policy Coalition, Inc. ("FPC") is a 501(c)(4) non-profit organization incorporated under the laws of Delaware with its principal place of business in Sacramento, California, with members residing both within and outside of this state, including in Shasta County, California.  FPC serves its members and the public through direct legislative advocacy, grassroots advocacy, legal efforts, research, education, operation of a Hotline, and other programs.  The purposes of FPC include defending the United States Constitution and the People's rights, privileges, and immunities deeply rooted in the Nation's history and tradition, especially the fundamental right to keep and bear arms.  FPC represents its members and supporters, who include California firearm retailers and consumers, and brings this action on behalf of itself, its members, supporters who possess all the indicia of membership, and similarly situated members of the public.  Plaintiff Van Nieuwenhauyzen is a member of FPC.

9.      Plaintiff Firearms Policy Foundation, Inc. ("FPF") is a 501(c)(3) non-profit organization incorporated under the laws of Delaware with its principal place of business in

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS – 42 U.S.C. § 1983

1   Sacramento, California, with members residing both within and outside of this state, including in

2   Shasta County, California. FPF serves to defend and advance constitutional rights through

3   charitable purposes, with a focus on the fundamental, individual right to keep and bear arms. FPF

4   represents its members and supporters, who include California firearm retailers and consumers,

5   and brings this action on behalf of itself, its members, supporters who possess all the indicia of

6   membership, and similarly situated members of the public. Plaintiff Van Nieuwenhauyzen is a

7   member of FPF.

8          10.    Plaintiff Second Amendment Foundation, Inc. ("SAF") is a 501(c)(3) non-profit

9   organization incorporated under the laws of Washington with its principal place of business in

10  Bellevue, Washington. SAF has over 650,000 members and supporters nationwide, including

11  many in California. The purposes of SAF include education, research, publishing, and legal

12  action focusing on the constitutional right to privately own and possess firearms under the

13  Second Amendment, and the consequences of gun control. SAF brings this action on behalf of

14  itself, its members, supporters who possess all the indicia of membership, and similarly situated

15  members of the public.

16         11.    Plaintiff Madison Society Foundation ("MSF") is a (501)(c)(3) non-profit

17  organization whose purpose is preserving and protecting the legal and constitutional right to keep

18  and bear arms for its members and all responsible law-abiding citizens.  MSF believes that

19  individual constitutional rights should not be infringed to deny citizens their life, liberty, and

20  pursuit of happiness.  MSF is headquartered in Stanislaus County, and the majority of its

21  members are California residents.  The focus of MSF's litigation efforts is challenging violations

22  of the right to keep and bear arms.

23         12.    Institutional plaintiffs CGF, FPC, FPF, SAF and MSF are bringing this claim as

24  public interest organizations, whose California members similarly are or may be law-abiding

25  lawful permanent residents of the United States, in good standing, who are eligible to possess

26  firearms in this State, and who desire to obtain CCWs issued from their respective counties.

27         13.    Defendant Sheriff STANLEY SNIFF ("Sheriff") is sued herein in his capacity as

28  the Sheriff-Coroner of the County of Riverside, and, in his official capacity, is responsible for

SEILER EPSTEIN ZIEGLER & APPLEGATE LLP
Attorneys at Law

4

1    executing and administering of the County's laws, customs, practices, and policies, including the

2    promulgation and implementation of Riverside's CCW Policy.  In that capacity, defendant

3    Sheriff is presently enforcing the laws, customs, practices and policies complained of in this

4    action, and at all times has acted under color of his authority as the Sheriff.

5         14.    Defendant RIVERSIDE COUNTY SHERIFF'S DEPARTMENT ("RCSD") is a

6    public entity and law enforcement agency, organized and existing under the laws of the State of

7    California, and as a department of the County of Riverside.

8         15.    Defendant COUNTY OF RIVERSIDE, CALIFORNIA ("County") is a county

9    and political subdivision, organized and existing under the Constitution and laws of the State of

10   California, with capacity to sue and be sued.  At all times, defendant County is governed by a

11   Board of Supervisors, which is responsible for supervising all County officers, including

12   defendant Sheriff, and has at all times accepted and ratified the CCW policies and procedures

13   promulgated by defendant Sheriff and enforced and implemented by defendant RCSD.

14

15                          **FACTS COMMON TO ALL CLAIMS**

16        16.    Originally from the Netherlands, plaintiff Van Nieuwenhuyzen, has been a

17   Lawful Permanent Resident of the City of Riverside, since 1983.  Since coming to the United

18   States, Mr. Van Nieuwenhuyzen has raised an American family, owned a successful business,

19   been involved in his community, serves as a member of his church and Sunday school teacher,

20   and has obeyed all laws and customs of his adopted country and state.  He has not, however,

21   obtained his United States citizenship and remains a citizen of the Netherlands.  He has been

22   grated status a Lawful Permanent Resident ("LPR") by the U.S Citizenship and Immigration

23   Service, and holds a USCIS I-551 identification, also known as a "green card."

24        17.    On or about September 21, 2018, plaintiff Van Nieuwenhuyzen exercised his

25   lawful rights guaranteed by the United State Constitution, and legally purchased Smith &

26   Wesson M&P Shield 9mm handgun, a popular firearm in common use for lawful purposes that,

27   by design, is particularly well-suited for carry on or about the person, either inside or outside the

28   home.  Following the 10-day waiting period required by Cal. Pen. Code § 26815(a), plaintiff Van

SEILER EPSTEIN ZIEGLER & APPLEGATE LLP
Attorneys at Law

1    Nieuwenhuyzen took physical possession of the handgun on October 1, 2018.

2         18.    On October 9, 2018, plaintiff Van Nieuwenhuyzen inquired of the Riverside

3    County Sheriff's Department regarding his proposed application to carry a concealed weapon

4    ("CCW permit") after reviewing the procedures that are described on the Sheriff Department's

5    website.[2]  As of the time this complaint is filed, a full set of the Sheriff's instructions and

6    application form are found at: http://www.riversidesheriff.org/pdf/ccw/RSO-CCW-2018.pdf, a

7    true and correct copy of which is attached hereto as **Exhibit A** ("CCW Policy").

8         19.    The Sheriff and RCSD's CCW Policy states that any "full time resident within the

9    County of Riverside" may apply (CCW Policy, p. 7), but further requires all applicants to

10   provide a "[c]opy of your birth certificate and/or naturalization papers."  (Id.)  In accordance

11   with this policy, plaintiff Van Nieuwenhuyzen was prepared to submit along with his CCW

12   application a copy of his Dutch birth certificate (to provide identity), and his I-551 ("green card")

13   identification, to satisfy the "naturalization papers" requirement of the CCW Policy and

14   demonstrate his status as a Lawful Permanent Resident of the United States.

15        20.    On October 9, 2018, plaintiff Van Nieuwenhuyzen was advised by a Deputy of

16   the RCSD, via email that he could not apply for a CCW with the County, due to the Sheriff

17   Department's policy prohibiting CCW permits to regarding non-U.S. citizens.  Specifically,

18   plaintiff was advised: "you must be a U.S. Citizen, either born in the U.S. or naturalized, in order

19   to apply for a CCW permit, with the Riverside County Sheriff's Department."  Plaintiff was thus

20   dissuaded and discouraged from submitting his application in the first place.

21        21.    On information and belief, defendants have a longstanding and current policy,

22   practice and custom of dissuading, discouraging, and preventing non-United States citizens from

23   applying for a CCW license by having a posted written policy and by telling them when they

24   inquire that only United State citizens may even apply for such permits, thereby preventing or

25   dissuading many otherwise legally eligible residents of the County of Riverside from even

26   considering the submission of CCW applications in the first place.

27   _____

28   [2]See generally: http://www.riversidesheriff.org/ccw/newapps.asp.

SEILER EPSTEIN ZIEGLER & APPLEGATE LLP
Attorneys at Law

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS – 42 U.S.C. § 1983

1

CONSTITUTIONAL PROVISIONS

2     22.     The Second Amendment provides:

3     A well regulated Militia, being necessary to the security of a free State, the right
      of the people to keep and bear Arms, shall not be infringed.
4

5   (U.S. Const. amend. II.)

6     23.     The Second Amendment "is fully applicable against the States." *McDonald v.*

7   *City of Chicago*, 561 U.S. 3025, 130 S. Ct. 3020, 3026 (2010).

8     24.     The Fourteenth Amendment provides in relevant part that: "Nor shall any State

9   deprive any person of life, liberty, or property, without due process of law; nor deny to any

10  person within its jurisdiction the equal protection of the laws."  "It has long been settled, and it is

11  not disputed here, that the term 'person' in this context encompasses lawfully admitted resident

12  aliens as well as citizens of the United States and entitles both citizens and aliens to the equal

13  protection of the laws of the State in which they reside." *Graham v. Richardson*, 403 U.S. 365,

14  371 (1971).  State action violates the Fourteenth Amendment if it separates individuals into

15  discrete classes based on citizenship and subjects those individuals to disparate treatment.  *Id.*, at

16  377.

17

18

STATE LAW

19     25.     The defendants' CCW Policy provides, in relevant part, that a "[c]opy of your

20  birth certificate and/or naturalization papers" is needed for a CCW application.  (CCW Policy, p.

21  7.)  However, defendants employ a policy of prohibiting and preventing non-U.S. citizens, who

22  may be Lawful Permanent Residents, from applying and/or obtaining valid CCW permits within

23  the County.

24     26.     Cal. Penal Code § 26175(a)(1), (g) provides in pertinent part:

25     (a)(1) Applications for licenses, applications for amendments to licenses,
       amendments to licenses, and licenses under this article shall be uniform
26     throughout the state, upon forms to be prescribed by the Attorney General.

27     [. . .]

28  //

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS – 42 U.S.C. § 1983

SEILER EPSTEIN ZIEGLER & APPLEGATE LLP
Attorneys at Law

SEILER EPSTEIN ZIEGLER & APPLEGATE LLP
Attorneys at Law

(g) An applicant shall not be required to complete any additional application or form for a license, or to provide any information other than that necessary to complete the standard application form described in subdivision (a), except to clarify or interpret information provided by the applicant on the standard application form.

### COUNT I – VIOLATION OF EQUAL PROTECTION

**(U.S. CONST. AMEND. XIV; 42 U.S.C. § 1983)**

**Against All Defendants**

27.	Plaintiffs incorporate paragraphs 1 through 26 as if fully set forth herein.

28.	The citizenship requirements contained in the CCW Instructions and all other County of Riverside laws, customs, practices, and policies, which restrict lawfully-admitted aliens the rights and privileges of carrying concealed firearms based on citizenship, on their face and as applied, are unconstitutional denials of equal protection of the laws and are in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

29.	Wherefore, plaintiffs seek relief under 42 U.S.C § 1983 in law, equity or other redress to remedy the deprivation of those rights, privileges, or immunities secured by the Constitution and laws guaranteeing equal protection of the laws.

### COUNT II – VIOLATION OF RIGHT TO KEEP AND BEAR ARMS

**(U.S. CONST. AMEND. II; 42 U.S.C. § 1983)**

**Against All Defendants**

30.	Plaintiffs incorporate paragraphs 1 through 29 as if fully set forth herein.

31.	Defendants' CCW Policy and citizenship requirements, and all other County of Riverside laws, customs, practices, and policies, which restrict lawfully admitted aliens the rights and privileges of carrying concealed firearms based on citizenship, on their face and as applied, violate the plaintiffs' individual right to possess a firearm as secured by the Second Amendment to the United States Constitution.

32.	Wherefore, plaintiffs seek relief under 42 U.S.C § 1983 in law, equity or other redress to remedy the deprivation of those rights, privileges, or immunities secured by the

1  Constitution and laws guaranteeing the right to keep and bear arms.

2

3  ### COUNT III – STATE PREEMPTION

4  **Against All Defendants**

5      33.    Plaintiffs incorporate paragraphs 1 through 32 as if fully set forth herein.

6      34.    California Constitution, Art. XI, § 7 states: "A county … may make and enforce

7  within its limits all local, police, sanitary, and other ordinances and regulations not in conflict

8  with general laws."  If an otherwise valid law or policy conflicts with state law, it is preempted

9  by such law and is void.

10      35.    The State of California has, through its statutes, chosen to occupy the entire

11  regulatory and legislative field concerning application forms and policies regarding the

12  application and issuance of CCWs within the State except where discretion was expressly

13  delegated, i.e., the licensing authority's determinations of "good cause" (Pen. Code §

14  26150(a)(2)) and "good moral character" (§ 26150(a)(1)), as well as the local training standards

15  for the course of instruction that an applicant must take after a licensing authority approves an

16  applicant's "good cause" (Pen. Code §§ 26165, 26202).

17      36.    The U.S. citizenship requirements contained in the defendants' CCW Policy,

18  practices, and customs are additional requirements not authorized by state law, and preempted by

19  Cal. Penal Code §§ 26150(a)(3) and 26175(a)(1), (g).

20

21  ### COUNT IV – DECLARATORY RELIEF

22  **(28 U.S.C. § 2201 et seq.)**

23  **Against All Defendants**

24      37.    Plaintiffs incorporate paragraphs 1 through 36 as if fully set forth herein.

25      38.    A current and actual controversy exists as to whether the citizenship requirements

26  contained in the defendants' CCW Policy are unconstitutional, violate equal protection of the

27  laws, or are otherwise preempted by state law. Whether or not plaintiff Van Nieuwenhuyzen is

28  granted some or all of the remedies requested herein, a declaration from this court, having the

**SEILER EPSTEIN ZIEGLER & APPLEGATE LLP**
**Attorneys at Law**

1   force and effect of a final judgment, would clarify and settle the issues in dispute, pursuant to 28

2   U.S.C. § 2201.

3       39.    Further necessary or proper relief based upon such a declaration and judgment

4   may also be granted, in accordance with the declaration made by this court, pursuant to 28

5   U.S.C. § 2202.

6       40.    Wherefore, plaintiffs seek a judicial declaration under the Declaratory Judgment

7   Act that the United States citizenship requirements contained in defendants' CCW Policy are

8   unconstitutional, violate equal protection of the laws, or are preempted by state law.

9

10                          **COUNT V – INJUNCTIVE RELIEF**

11                              **Against All Defendants**

12      41.    Plaintiffs incorporate paragraphs 1 through 40 as if fully set forth herein.

13      42.    In the absence of a prohibitory injunction, the citizenship requirements of

14   defendants' CCW Policy would continue to be enforced and would prevent plaintiff Van

15   Nieuwenhuyzen, and the institutional plaintiffs' lawfully admitted Lawful Permanent Resident

16   members residing in the County of Riverside, from (1) successfully obtaining a concealed carry

17   permit and/or (2) legally carrying a handgun in a concealed manner that any otherwise-qualified

18   citizens may possess and carry concealed in public.

19      43.    As the defendants' CCW Policy constitutes deprivation of substantial

20   constitutional rights, plaintiffs and their members would continue to suffer irreparable injury if

21   the court does not issue a prohibitory injunction preventing the citizenship requirement of

22   defendants' CCW Policy from being enforced.

23      44.    There is no adequate remedy at law because only a declaration and injunction, as

24   opposed to monetary damages, would allow plaintiff Van Nieuwenhuyzen, and the institutional

25   plaintiffs' lawfully admitted lawful permanent resident members residing in the County of

26   Riverside, the opportunity legally to obtain a CCW and carry a handgun in a concealed manner

27   for self-defense purposes outside of the home.

28      45.    Wherefore, plaintiffs seek injunctive relief to enjoin, prevent and restrain

**SEILER EPSTEIN ZIEGLER & APPLEGATE LLP**
**Attorneys at Law**

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS – 42 U.S.C. § 1983

1    defendants from continuing to implement, enforce or otherwise require adherence to such

2    policies that are unconstitutional, violate equal protection of the laws, infringe upon the right to

3    keep and bear arms, or are otherwise preempted by state law.

4

5                                  **PRAYER FOR RELIEF**

6          WHEREFORE, plaintiffs pray for relief as follows:

7          1.      For declaratory judgment in plaintiffs' favor, and against defendants, that the

8    defendants' CCW Policy, and all other County of Riverside laws, customs, practices, or policies

9    which restrict lawfully admitted aliens' firearms rights and privileges based on United States

10    citizenship, are null and void because they (i) violate the equal protection of the laws guaranteed

11    by the Fourteenth Amendment to the United State Constitution; and (ii) infringe on the right of

12    the people to keep and bear arms in violation of the Second Amendment to the United States

13    Constitution;

14          2.      For judgment to be issued in plaintiffs' favor, issuing preliminary and permanent

15    injunctions enjoining defendants Sheriff Stanley Sniff, Riverside County Sheriff's Department

16    and the County of Riverside, California from enforcing the United States citizenship requirement

17    of the CCW Policy against the plaintiffs and/or their members;

18          3.      For an award of plaintiffs' reasonable attorney's fees and costs, pursuant to 42

19    U.S.C. § 1988; and

20          4.      For other such relief, in law and equity, as the court deems to be proper and just.

21

22    Dated: October 19, 2018             **SEILER EPSTEIN ZIEGLER & APPLEGATE LLP**

23

24                            /s/ George M. Lee

25                            George M. Lee

26                            Attorneys for Plaintiffs

27

28

SEILER EPSTEIN ZIEGLER & APPLEGATE LLP
Attorneys at Law

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS – 42 U.S.C. § 1983