George M. Lee (SBN 172982)
**SEILER EPSTEIN ZIEGLER & APPLEGATE LLP**
601 Montgomery Street, Suite 2000
San Francisco, CA 94111
Phone: (415) 979-0500
Fax:    (415) 979-0511

Attorneys for Plaintiffs
ARIE VAN NIEUWENHUYZEN,
THE CALGUNS FOUNDATION,
FIREARMS POLICY COALITION,
FIREARMS POLICY FOUNDATION,
SECOND AMENDMENT FOUNDATION, and
MADISON SOCIETY FOUNDATION

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | |
|---|---|
| ARIE VAN NIEUWENHUYZEN, an individual; THE CALGUNS FOUNDATION; FIREARMS POLICY COALITION; FIREARMS POLICY FOUNDATION; SECOND AMENDMENT FOUNDATION; and MADISON SOCIETY FOUNDATION,<br><br>Plaintiffs,<br><br>vs.<br><br>STANLEY SNIFF, in his capacity as Sheriff of the County of Riverside; RIVERSIDE COUNTY SHERIFF'S DEPARTMENT, COUNTY OF RIVERSIDE, CALIFORNIA,<br><br>Defendants. | Case No. 5:18-cv-02225-DDP-SHK<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR ISSUANCE OF PRELIMINARY INJUNCTION**<br><br>**[FRCP 65(a)]**<br><br>Date:     November 26, 2018<br>Time:     10:00 a.m.<br>Courtrm. 9C<br>Judge:    Hon. Dean D. Pregerson |

//

**SEILER EPSTEIN ZIEGLER & APPLEGATE LLP**
Attorneys at Law

1

1    The motion of plaintiffs Arie Van Nieuwenhuyzen, The Calguns

2  Foundation, Firearms Policy Coalition, Firearms Policy Foundation, Second

3  Amendment Foundation and Madison Society Foundation ("plaintiffs") for

4  issuance of a preliminary injunction came on for hearing before this court, Hon.

5  Dean D. Pregerson presiding.  The court considered all papers submitted in support

6  of [and in opposition to] the plaintiffs' motion, and hereby orders as follows.

7    Plaintiffs' motion for issuance of a preliminary injunction is GRANTED.

8  Plaintiffs have demonstrated a likelihood of success on the merits of their claim

9  that the policy of defendants Stanley Sniff, in his capacity as Sheriff of the County

10  of Riverside; Riverside County Sheriff's Department, County of Riverside,

11  California ("defendants") regarding the issuance of permits to carry concealed

12  weapons ("CCW Policy"), insofar as said policy prevents lawful permanent

13  residents, who are otherwise qualified, from applying for CCW permits, violates

14  the Equal Protection Clause of the 14th Amendment of the United States

15  Constitution, and that such aspect of the CCW Policy is also and otherwise

16  preempted by state law.

17    First, plaintiffs have demonstrated that defendants' CCW Policy is subject to

18  strict scrutiny because it discriminates against lawful permanent residents who are

19  otherwise qualified to apply for CCW permits under Cal. Penal Code § 26150, on

20  the basis of their status as non-resident aliens.  Defendants have not shown any

21  compelling or substantial state interest that justifies such classification limiting

22  CCW permits to be issued to U.S. citizens only.

23  

24    Second, plaintiffs have further demonstrated that defendants' CCW Policy is

25  preempted by state law.  The Legislature specifically intended to occupy the field

26  of the regulation of the registration or licensing of commercially manufactured

27  firearms as encompassed by the provisions of the Penal Code.  Cal. Govt. Code §

28  53071.  Furthermore, Cal. Pen. Code § 26175 sets forth the information required

SEILER EPSTEIN ZIEGLER & APPLEGATE LLP
Attorneys at Law

2

**SEILER EPSTEIN ZIEGLER & APPLEGATE LLP**
Attorneys at Law

1    for CCW applicants, statewide, and does not allow the requirement of additional

2    information beyond that required in the uniform application form.  Id., § 26175(g).

3    Refusing to accept the applications of otherwise qualified lawful permanent

4    residents is not an exercise of discretion pursuant to Pen. Code § 26150, but

5    amounts to a refusal to exercise discretion, on an impermissible basis.

6        Plaintiffs have also demonstrated that irreparable injury would result in the

7    absence of injunctive relief herein.  The deprivation of a constitutional right, even

8    if only briefly, constitutes irreparable harm.  Deprivation of equal protection of the

9    laws further amounts to irreparable constitutional injury justifying an injunction.

10   Furthermore, the balance of relative harms and burdens weighs in favor of granting

11   plaintiffs the injunctive relief requested, and it is in the public interest to prevent

12   the violation of a party's constitutional rights.

13       Accordingly, defendants are now and hereby enjoined from enforcing, and

14   continuing to enforce, implement or abide by their CCW Policy to the extent that it

15   prohibits non-U.S. citizens who are otherwise qualified, lawful permanent

16   residents, not prohibited from owning firearms, from applying or obtaining a

17   permit to carry a concealed weapon under state law, Cal. Pen. Code § 26150, et

18   seq.

19       Because defendants will not suffer monetary hardship by the issuance of this

20   preliminary injunction, and because the matter involves a constitutional violation,

21   the Court will require a nominal bond in the amount of $1.00.

22       IT IS SO ORDERED.

23

24   Dated: _____

25                                              _____
                                               UNITED STATES DISTRICT JUDGE

26

27

28

ORDER GRANTING PRELIMINARY INJUNCTION