George M. Lee (SBN 172982)
    gml@seilerepstein.com
**SEILER EPSTEIN LLP**
275 Battery Street, Suite 1600
San Francisco, CA 94111
Phone: (415) 979-0500
Fax:   (415) 979-0511

Attorneys for Plaintiffs
ARIE VAN NIEUWENHUYZEN,
THE CALGUNS FOUNDATION,
FIREARMS POLICY COALITION,
FIREARMS POLICY FOUNDATION,
SECOND AMENDMENT FOUNDATION, and
MADISON SOCIETY FOUNDATION

**SEILER EPSTEIN ZIEGLER & APPLEGATE LLP**
Attorneys at Law

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | |
|---|---|
| ARIE VAN NIEUWENHUYZEN, an individual; THE CALGUNS FOUNDATION; FIREARMS POLICY COALITION; FIREARMS POLICY FOUNDATION; SECOND AMENDMENT FOUNDATION; and MADISON SOCIETY FOUNDATION,<br><br>    Plaintiffs,<br><br>    vs.<br><br>STANLEY SNIFF, in his capacity as Sheriff of the County of Riverside; RIVERSIDE COUNTY SHERIFF'S DEPARTMENT, COUNTY OF RIVERSIDE, CALIFORNIA,<br><br>    Defendants. | Case No. 5:18-cv-02225-DDP-SHK<br><br>**STIPULATION TO PERMANENT INJUNCTION** |

//

In furtherance of a settlement reached by and between all parties, made on March 11, 2019, the parties to this action, plaintiffs Arie Van Nieuwenhuyzen, The Calguns Foundation, Firearms Policy Coalition, Firearms Policy Foundation, Second Amendment Foundation and Madison Society Foundation ("plaintiffs") and defendants Chad Bianco (sued herein in the name of his predecessor, Stanley Sniff, in his official capacity as the Sheriff of the County of Riverside), the Riverside County Sheriff's Department, and the County of Riverside, California ("defendants") hereby agree and stipulate to the issuance of a permanent injunction, and hereby request this Court to enter judgment herein, as follows:

1.      The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, 1343, 2201, 2202 and 42 U.S.C. § 1983.

2.      Venue is proper as to all parties in this District.

3.      Defendants (and in the case of Sheriff Bianco, his predecessor) were served with the summons and complaint on October 25 and 26, 2018.

4.      Plaintiffs filed a motion for preliminary injunction on October 24, 2018, in which they assert that they demonstrated a likelihood of prevailing on the merits of their claim, insofar as defendants' policies regarding the issuance of permits to carry concealed weapons ("CCW Policy") prevented lawful permanent residents, who are otherwise qualified, from applying for CCW permits, that such policies violate the Equal Protection Clause of the 14th Amendment of the United States Constitution, and that such aspect of the CCW Policy is also and otherwise preempted by state law.

5.      Plaintiffs' motion for preliminary injunction further alleged that irreparable injury would result in the absence of injunctive relief, due to the deprivation of constitutional rights, and that the balance of relative harms and burdens weighed in favor of granting plaintiffs the injunctive relief requested, and it is in the public interest to prevent the violation of a party's constitutional rights.

6.      Defendants filed a statement of non-opposition to the plaintiff's motion for preliminary injunction on March 15, 2019.

7.      Without admitting liability or conceding any damage to any of the plaintiffs herein, defendants agree to entry of an order of injunctive relief which would provide as follows:

> Defendants are now and hereby enjoined from enforcing, and continuing to enforce, implement or abide by any policy regarding the issuance of permits to carry concealed weapons (CCWs) to the extent that such policy prohibited non-U.S. citizens who are otherwise qualified, lawful permanent residents of the County of Riverside, and who are not otherwise prohibited from owning firearms, from applying or obtaining a permit to carry a concealed weapon under state law, Cal. Pen. Code § 26150, et seq.

8.      Defendants shall have thirty (30) days to finalize all changes to their CCW policy, and eliminate any and all U.S. Citizenship requirements from the Riverside County Sheriff Department's website describing the CCW process, and from its CCW application forms.

9.      Defendants waive the requirement of a bond for any injunction entered pursuant to this stipulation.

10.      The issue of plaintiffs' attorneys' fees arising under 42 U.S.C. § 1988 has been resolved separately, and to the satisfaction of the parties.

11.      The parties waive any further finding of facts necessary to enter injunctive relief under Rules 52 and 65 of the Federal Rules of Civil Procedure.

12.      Plaintiffs shall present this stipulation to the Court, and hereby request that judgment be entered hereon.

13.      The Court shall retain jurisdiction to enforce the terms of this Stipulation, its injunction, the judgment, and the settlement agreement.

SO STIPULATED.

Dated: April 17, 2019

**SEILER EPSTEIN LLP**

George M. Lee

Attorneys for Plaintiffs

Dated: April 17, 2019

**RIVERSIDE COUNTY COUNSEL**

Kelly Anne Moran

Attorneys for Defendants

4